Nos. 12-1269 & 12-1788

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| MICHAEL MOORE, et al., | Appeal from the United States District Court for the |
| Plaintiffs-Appellants, | Central District of Illinois |
| v. | No. 11-3134 |
| LISA MADIGAN and HIRAM GRAU, | The Honorable Sue E. Myerscough, |
| Defendants-Appellees. | Judge Presiding. |
| MARY E. SHEPARD and ILLINOIS STATE RIFLE ASSOCIATION, | Appeal from the United States District Court for the Southern District of Illinois |
| Plaintiffs-Appellants, | No. 11-405-WDS-PMF |
| v. | |
| LISA MADIGAN, et al., | The Honorable William D. Stiehl, |
| Defendants-Appellees. | Judge Presiding. |

**MOTION TO STAY MANDATE FOR 30 ADDITIONAL DAYS**

Pursuant to Rule 41(d)(1) of the Federal Rules of Appellate Procedure, state Defendants-Appellees Lisa Madigan, Patrick Quinn, Hiram Grau, and Tyler Edmonds move this Court to stay the mandate in this matter for additional thirty days pending disposition of newly passed legislation.

1.    In two separate federal lawsuits, plaintiffs challenged the constitutionality of Illinois's unlawful use of weapons statutes as they apply to law-abiding citizens who seek to carry loaded handguns in public.  The district court in each case granted defendants' motion to dismiss for failure to state a claim.

2. On December 11, 2012, after consolidating the cases for argument and judgment, this Court reversed and held that the Illinois statutes violated the Second Amendment. This Court stayed its mandate for 180 days (until June 9, 2013), to afford the Illinois General Assembly time to draft a new statute. *See Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012). On February 22, 2013, this Court denied defendants' petition for rehearing en banc, over the dissent of four judges. *See* 708 F.3d 901 (7th Cir. 2013).

3. On May 31, 2013, both Houses of the Illinois General Assembly passed a new Act to regulate the carrying of firearms in public. Firearm Concealed Carry Act; HB 0183, 98th G.A. (Ill.).[1] If signed into law, the Act will resolve the plaintiffs' claims in these lawsuits, for it provides that the Department of State Police "shall issue a license to carry a concealed firearm" to applicants who meet certain qualifications. HB 0183 § 10(a). The Act replaces the laws plaintiffs challenged in these lawsuits; once signed into law the permanent injunctions ordered by this Court will no longer be necessary.

4. The Illinois Constitution affords the Governor sixty days to review the Act and sign it into law. *See* Ill. Const. (1970) art. IV, § 9(b). Recognizing that this Court has already stayed its mandate *sua sponte* for 180 days, however, state defendants seek only an additional thirty days to provide the Governor reasonable time to review the Act. Accordingly, state defendants ask this Court to stay its

---

[1] *Available at* http://ilga.gov/legislation/default.asp (last visited June 3, 2013).

mandate from June 9, 2013, to and including July 9, 2013.  This additional time will avoid a circumstance in which there is no state law in place governing the carrying of firearms in public places, a circumstance that this Court's original, 180-day stay anticipated and set out to avoid.  *See Moore*, 702 F.3d at 942.  If this Court grants state defendants' request for an additional stay, defendants will inform the Court immediately should the Act be signed into law before July 9.

   5. The expiration of the stay on June 9 without a substitute law in place would present a significant harm, not to the defendants in an individualized or official capacity, but to the People and Constitution of Illinois.  The current stay of this Court's mandate expires in less than one week, significantly shortening the sixty-day period constitutionally afforded the Governor to consider and sign legislation into law.  Expiration of the stay on June 9 will either eliminate that constitutionally-provided period entirely or create a gap in state firearm regulation.  These represent unnecessary harms to the public interest.

   6. State defendants' requested stay will allow for the orderly completion of the legislative process and is not intended for purposes of delay.  The General Assembly has worked diligently toward the passage of a new public-carry law, consistent with this Court's decision.  *See Moore*, 702 F.3d at 942.  Since this Court's decision in December 2012, the General Assembly made numerous attempts to enact new public-carry legislation, including but not limited to the following

proposals: HB 997 (January); HB 1155 (February);[2] HB 1157 (March); HB 831 (April); and SB 2193 (May).[3]  On May 31, 2013, both Houses agreed on a bill.

7.	The requested thirty-day extension of time is intended merely to assure that the Governor has a reasonable time to fulfill his state constitutional duties.  If this requested stay is granted, state defendants will inform the Court immediately should the Act become law in less than thirty days, so that the stay may be dissolved.

8.	State defendants recognize that even the temporary denial of a constitutional right imposes a burden on the plaintiffs, but the public's interest in allowing the challenged laws to remain in effect pending enactment of the new legislation outweighs such harms here.

---

[2] More than fifty amendments were filed on HB 1155 alone, giving rise to floor debates in the House in February and March of this year.  *See* http://www.ilga.gov/legislation/billstatus.asp?DocNum=1155&GAID=12&GA=98&DocTypeID=HB&LegID=71607&SessionID=85 (last visited June 3, 2013).

[3] The bill history for each is searchable at http://ilga.gov/  (last visited June 3, 2013).

4

## CONCLUSION

For the foregoing reasons, state defendants respectfully request that this Court stay its mandate for an additional thirty days, to and including July 9, 2013.

June 3, 2013                                              Respectfully submitted,

                                                   LISA MADIGAN
Attorney General of Illinois

MICHAEL A. SCODRO
Solicitor General

JANE ELINOR NOTZ
Deputy Solicitor General

/s/ Karl Triebel
KARL TRIEBEL
EVAN SIEGEL
Assistant Attorneys General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
(312) 814-2391
Attorneys for State
Defendants-Appellees

5

**CERTIFICATE OF SERVICE**

I certify that on June 3, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

    /s/ Karl Triebel
    KARL TRIEBEL